<hr />

### PRENTISS v. BUTLER et al.

#### (Supreme Court, General Term, First Department.    March 13, 1891.)

REVIEW ON APPEAL—DISSOLUTION OF ATTACHMENT.

    An order vacating an attachment issued against the property of an alleged non-resident will not be disturbed by the general term, although, if the question as to where defendant resided had been presented originally to that court upon the affidavits contained in the record, it might have come to a different conclusion from that arrived at by the special term.

Appeal from special term, New York county.

Action by Frederick J. Prentiss against George H. H. Butler, impleaded with others.    Plaintiff appeals from an order vacating an attachment against defendant Butler on the ground of his alleged non-residence.

Argued before VAN BRUNT, P. J., and DANIELS, J.

*Joseph E. Russell, Jr.*, (*L. A. Lockwood*, of counsel,) for appellant.    *Smith & Dougherty*, for respondents.

VAN BRUNT, P. J.    A large part of the bulky record presented upon this appeal consists of affidavits reflecting upon the motive in procuring the attachment in question, and upon the validity of the notes upon which this action is brought.    The special term, however, in its order vacating the attachment basing its conclusion solely upon the ground that the defendant was not a non-resident of this state, only this point will be considered in the determination of this appeal.    Although, perhaps, if this question had been presented originally to this court upon the affidavits contained in this record, we might have come to a different conclusion from that arrived at by the learned judge at the special term, we do not think there was such a preponderance of evidence against that conclusion as will justify us in a reversal of the order.    Residence is so much a question of intention that it is with difficulty often that a correct conclusion can be reached, and such intention can only be deduced from facts and circumstances in respect to the existence of which there may be great conflict of testimony.    It may be that, notwithstanding the leasing of his house in New York, the hiring of the house in New Jersey, and his removal there, the defendant Butler had no intention of giving up his residence in the state of New York.    There is no question but that he had no place of abode except at Orange, N. J., and the attempt to make out a place of abode at his uncle's in the city of New York is so manifestly a fabrication that it seems to reflect discredit upon the whole of his claim.    There is no question but that this place at his uncle's was not intended as a place of abode, but as a place in which he might transact his business, and there is no claim that at any part of the time either he or any of his family ever spent a night there.    The claim made upon the part of the plaintiff that the imposition of a poll-tax in New Jersey, and the fact that it

was not appealed from, clearly can have but little weight. The tax was so small that the tacit assent to its levy cannot in any way tend to establish the fact that he was a resident, although such tax can only be imposed upon residents. The mailing of his letters to Orange was entirely consistent with a temporary residence there, and the giving of his address in the New York city directory was not done by himself, but by another. The fact that he was regarded by the employes of the firm as a resident of New Jersey entirely arose from the fact of his having moved over there, even though he may have had no intention of acquiring a residence in that state. There is also evidence that he claimed exemption from the levy of a personal tax upon the ground that he was not a resident of New Jersey, but of New York. The personal tax levied upon his wife was upon the furniture and personal property within the state, which, it appears, according to the laws of that state was liable to taxation whether its owner was a resident of the state or not. Upon the whole case we think the question was a fair one for the determination of the court below, and no sufficient reason appears upon the record for the reversal of the order made. The order should be affirmed, with $10 costs and disbursements.